Robert A. Rosette (CA SBN 224437)
Richard J. Armstrong (CA SBN 225191)
Nicole St. Germain (CA SBN 261356)
ROSETTE, LLP
Attorneys at Law
193 Blue Ravine Rd., Suite 255
Folsom, CA 95630
(916) 353-1084 (Office)
(916) 353-1085 (Fax)
rosette@rosettelaw.com

Attorneys for Defendants:
KONOCTI VISTA CASINO RESORT,
MARINA & RV PARK and ANTHONY
JACK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE LARIMER,<br><br>Plaintiff,<br><br>vs.<br><br>KONOCTI VISTA CASINO RESORT, MARINA & RV PARK; and ANTHONY JACK, an individual,<br><br>Defendants. | Case No.: CV-11-1061-NJV<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(B)(5))**<br><br>Date:       September 12, 2011<br>Time:       9:00 a.m.<br>Courtroom: 5<br>Honorable Chief Judge James Ware |

///

///

///

///

///

///

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(B)(5))**

- 1

**INTRODUCTION**

Defendant Konocti Vista Casino Resort, Marina & RV Park and Defendant Anthony Jack (collectively "Defendants") hereby submit their reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, reasserting the sovereign immunity of the Big Valley Band of Pomo Indians of the Big Valley Rancheria ("Tribe"), a federally-recognized Indian tribe, its wholly-owned Tribal entity, and its Tribal employee Anthony Jack. Plaintiff's argument that Defendants are liable under the Fair Labor Standards Act ("FLSA") requires a finding that the Tribe's primary means of economic development and self-sufficiency does not touch "exclusive rights of self-governance" as well as a finding by this Court that even if the FLSA does apply, the Tribe has waived its sovereign immunity in such an action. *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir. 1985). Because Plaintiff has failed to prove that this matter does not touch upon the Tribe's "exclusive rights of self-governance" and has failed to demonstrate the existence of a clear, unequivocal and express waiver of the Tribe's sovereign immunity, Plaintiff's suit must be dismissed.

**ARGUMENT**

**A. The FLSA is Inapplicable to Defendants and the Tribe Because Operation of the Tribe's Business Touches the Exclusive Rights of Self-Governance.**

The Supreme Court has routinely held that tribes are entitled to sovereign immunity as a matter of federal law, and such immunity is not subject to diminution by the states. It has even held such tribal sovereign immunity on par with the sovereign immunity possessed by the United States. *See Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.* 523 U.S. 751, 754-756 (1998); *United States v. U.S. Fidelity & Guaranty Co.* 309 U.S. 506, 512-514 (1940).

"Indian tribes consistently have been recognized . . . by the United States, as 'distinct, independent political communities' qualified to exercise powers of self-government, not by virtue

of any delegation of powers, but rather by reason of their original tribal sovereignty." Felix Cohen, *Handbook of Federal Indian Law* 232 (1982) (footnotes omitted) (citing *Worcester v. Georgia,* 31 U.S. 515 (1832)). Because of this power of self-government and sovereignty, tribes retain broad authority over intramural activities and the sovereign authority to regulate economic activity on lands within its jurisdiction, even when that includes non-members. *See Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 137 (1982); *Washington v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 152-53 (1980).

Even when applying the Ninth Circuit's rationale that the FLSA is a law of general applicability, the Court must consider the clearly delineated exceptions to applicability to Indian tribes. Pursuant to the holding in *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985), Indian tribes cannot be subject to a law of general applicability that is silent as to its application to Indian tribes if "the law touches 'exclusive rights of self-governance in purely intramural matters.'" quoting *United States v. Farris*, 624 F.2d 890, 893-94 (9th Cir. 1980). Examination of the facts of this case demonstrates that the Tribe (and therefore Defendants) are not subject to the FLSA.

Courts have applied this exception in various circumstances. *See Snyder v. Navajo Nation*, 382 F.3d 892 (9th Cir. 2004) (holding tribal law enforcement employed by tribe was an exception to the general applicability of the FLSA); and, *Reich v. Great Lakes Indian Fish and Wildlife Comm'n*, 3 F.3d 490 (8th Cir. 1993) (holding that a tribal fish and wildlife commission employed by a consortium of tribes was exempted from FLSA). Additionally, Plaintiff relies on *Solis v. Matheson*, 563 F.3d 425 (9th Cir. 2009) to support his contention that the FLSA should apply to business enterprises owned by Indian tribes. However, *Solis* cannot be read so broadly as to mean that the FLSA is applicable to a tribally-owned and operated enterprise that is operated

1  for the exclusive benefit of the Tribe, its membership, and various Tribal government programs.
2  The facts of this case are so vastly distinguishable from *Solis* that the Court cannot reasonably
3  rely on its reasoning or holding in examining this case.

4  Most notably, at issue in *Solis* was Baby Zack's Smoke Shop, which was owned and
5  operated by individual tribal members.  Its revenues did not flow directly to the tribal
6  government, membership, or service programs.  It was an entirely private entity that happened to
7  operate on tribal lands.  *Id.* at 428.  The Ninth Circuit's analysis states that because the smoke
8  shop was not a tribal business, it was not entitled to the intramural exception because the business
9  did not involve tribal self-governance.  *Id.* at 434.

10  Conversely, Konocti Vista Casino Resort, Marina & RV Park ("Konocti") is operated as
11  an arm of the Tribe.  *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1046-49 (9th Cir. 2006)
12  (finding a tribal casino to be an arm of the tribal government).  Its revenues support tribal
13  government and its membership.  It is a wholly owned and operated business of the Tribe, and is
14  under the direct control and supervision of many facets of the Tribal government.  As recognized
15  by the Ninth Circuit in *Gold Country Casino*, a tribal casino "is not a mere revenue producing
16  tribal business."  *Id.* at 1046.  Indeed, a tribal casino is regulated and created through a long
17  process involving all three sovereigns: the tribe, the state, and the federal government.  *Id.*
18  Because of this Tribal ownership and governmental control, Konocti touches exclusive rights of
19  Tribal self-governance in an absolute, unmistakable way.  In addition to owning and operating
20  Konocti, the Tribe also regulates its operations through the Big Valley Tribal Gaming
21  Commission pursuant to the Tribe's inherent authority and the terms of the Tribe's Compact with
22  the State of California.  The fact that Konocti is a commercial enterprise does not change the fact
23  that it operates as an arm of the Tribe and at the behest of the Tribal government.  As such, the
24

applicability of the FLSA to Konocti touches elements of self-governance by its very structure, purpose, and operation. For this reason, the intramural exception exempts Defendants from the general applicability of the FLSA. Because the FLSA does not apply to Defendants, and because there is no unequivocal waiver of the Tribe's sovereign immunity, Plaintiff's action must be dismissed for lack of personal and subject matter jurisdiction and insufficiency of process.

**B. Even if the Intramural Exception Does Not Apply, This Court Cannot Establish Personal or Subject Matter Jurisdiction.**

Assuming *arguendo* that this Court determines that the FLSA is applicable to Defendants, it must still take heed of the fact that there is no unequivocal waiver of the Tribe's sovereign immunity alleged in Plaintiff's Complaint or evidence of the Tribe's consent to be sued by Plaintiff. It is well settled law that a tribe is not subject to suit unless the tribe waives its immunity or Congress *expressly* abrogates it. *Kiowa Tribe v. Manufacturing Tech., Inc.*, 523 U.S. 751 (1998). A waiver or abrogation of tribal sovereign immunity "cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58 (1978).

In *Florida Paraplegic Association v. Miccosukee Tribe*, 166 F.3d 1126, 1130 (11th Cir. 1999), the Eleventh Circuit determined that even though the Americans with Disabilities Act (42 U.S.C. § 12181) *applied* to the defendant tribe, an action against the tribe to *enforce* the ADA was barred by tribal sovereign immunity, holding "whether an Indian tribe is *subject* to a statute and whether the tribe may be *sued* for violating the statute are two entirely different questions" (emphasis in original). In *Santa Clara Pueblo*, the Court held that even when Congress enacted federal legislation conferring substantive rights to individual Indians vis-à-vis their tribal governments in the Indian Civil Rights Act (25 U.S.C. § 1308), an action for injunctive and declaratory relief to enforce those rights against a tribe in a federal court was barred by tribal

1 sovereign immunity, because there was no tribal consent or Congressional authorization for such
2 a remedy in that forum.

3 Similarly, while the Ninth Circuit may recognize that the FLSA confers a private right of
4 action, Congress has not unequivocally expressed an intent to abrogate tribal sovereign immunity
5 from such a suit. The statute is silent and there is no evidence to suggest that the Tribe has
6 consented to such an action being brought against it. Analogous to *Florida Paraplegic*
7 *Association*, even though the Tribe (and in turn Konocti and its employees) may be subject to the
8 FLSA's statutory scheme, a private right of action suing a tribe for alleged violations of the
9 statute is not expressly addressed by Congress, and cannot be sufficient to sustain such an action
10 under this persuasive case law or the long-held canons of construction regarding federal Indian
11 law, which require ambiguities be resolved in favor of the tribe. *See Iowa Mutual Ins. Co. v.*
12 *LaPlante*, 480 U.S. 9, 18 (1987) (holding that implied preemption of sovereign authority does not
13 suffice); *Southland Royalty Co. v. Navajo Tribe*, 715 F.2d 486, 490 (10th Cir. 1983) (holding that
14 "[a]mbiguities in federal law have been construed generously in order to comport with … tribal
15 notions of sovereignty and with the federal policy of encouraging tribal independence").

16 Here, Plaintiff has failed to allege a provision in the FLSA that demonstrates that
17 Congress has expressly abrogated tribal immunity, thus allowing individuals to bring suit against
18 the Tribe or that the Defendants, as a tribal entity and tribal officers, consented to the right to sue
19 or be sued. The Defendants have not consented to be sued in this Court nor have they consented
20 to be subject to the cause of action alleged in the Complaint. For all of the reasons stated above,
21 the Plaintiff is without any substantive right of action under which he may sue the Defendants.

22 This Court's analysis does not end with a determination on whether the FLSA is generally
23 applicable and specifically applicable to Defendants, as persuasive case law strongly indicates

24

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(B)(5))**
- 6 -

that Plaintiff must meet an additional threshold and show that an individual can sustain a private right of action as a means to seek redress of alleged violations of applicable statutes. Because Plaintiff has not and cannot demonstrate the requisite waiver or Congressional abrogation of Tribal sovereign immunity to this Court, it lacks personal and subject matter jurisdiction of this action. Accordingly, the Court should dismiss Plaintiff's Summons and Complaint.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss should be granted. Even if the FLSA is deemed a law of general applicability, the fact that Konocti operates as an arm of the Tribe and is under the express control of the Tribe's government, it is entitled to the intramural exception enumerated in *Coeur d'Alene*. If, in the alternative, the Court determines the FLSA is applicable to Defendants, Plaintiff has not met his burden to show that he can sustain a private right of action against a tribally owned and operated business without an express and unequivocal waiver of the Tribe's sovereign immunity. Further, Plaintiff alleges no facts whatsoever to support the contention that Anthony Jack was at all acting outside the scope of his authority, and therefore not subject to the Tribe's sovereign immunity. Because Congress is silent on an individual's ability to sustain a private right of action against a tribe, and because Plaintiff cannot show an express and unequivocal waiver, Defendants' Motion to Dismiss should

///
///
///
///
///
///
///

1    be granted.

2    RESPECTFULLY SUBMITTED this 29th day of August, 2011.

3

                                                               ROSETTE, LLP
4                                                                ATTORNEYS AT LAW

5

6                                                      By: /s/ Robert A. Rosette
                                                               Robert A. Rosette
7                                                                 193 Blue Ravine Road, Suite 255
                                                                Folsom, California  95630
8                                                                 Telephone:  (916) 353-1084

9                                                               Attorneys for Defendants

10                                                             KONOCTI VISTA CASINO RESORT, MARINA & RV PARK and ANTHONY JACK

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(B)(5))**