United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Maurice Larimer, | NO. C 11-01061 JW |
| Plaintiff,<br>v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Konocti Vista Casino Resort, Marina & RV Park, et al., | |
| Defendants. | |

## I. INTRODUCTION

Maurice Larimer ("Plaintiff") brings this action against Konocti Vista Casino, Resort, Marina, & RV Park ("Konocti Vista") and Anthony Jack ("Jack") (collectively, "Defendants"), alleging failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216, and breach of employment contract. Plaintiff alleges that Defendant Konocti Vista, his former employer, failed to pay him overtime wages and failed to keep accurate pay records in violation of the FLSA.

Presently before the Court is Defendants' Motion to Dismiss.[1]  The Court conducted a hearing on September 19, 2011. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion to Dismiss.

---

[1] (Notice of Motion and Motion to Dismiss Plaintiff's Summon [sic] and Complaint for Lack of Personal and Subject Matter Jurisdiction and Insufficiency of Service of Process (FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(5)); Memorandum of Points and Authorities in Support of Motion, hereafter, "Motion," Docket Item No. 7.)

## II. BACKGROUND

In a Complaint[2] filed on March 7, 2011, Plaintiff alleges as follows:

Defendant Konocti Vista is a business enterprise doing business in Lake County, California. (Complaint ¶ 5.) Defendant Jack is the Chief Executive Officer of Konocti Vista, and exercised economic and operational control over the employment relationship with the Plaintiff. (Id. ¶¶ 6, 12.)

Plaintiff was employed by Defendants from on or about August 29, 2009, through December 13, 2010. (Complaint ¶ 4.) Defendants classified Plaintiff as exempt from federal overtime pay requirements. (Id. ¶ 7.) This classification was erroneous, because Plaintiff did not meet the criteria for exemption under FLSA. (Id. ¶ 9.) Plaintiff's work was non-managerial and consisted largely of work normally performed by non-exempt and hourly employees. (Id. ¶ 10.) Plaintiff routinely worked for more than forty hours per week and without receiving overtime pay. (Id. ¶ 8.) For the duration of Plaintiff's employment, Defendants did not keep accurate records of the actual hours worked by Plaintiff. (Id. ¶ 11.)

On the basis of the allegations outlined above, Plaintiff alleges two causes of action: (1) Breach of Employment Contract; and (2) Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207.

Presently before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction, personal jurisdiction and insufficiency of process.[3] Because the issue of subject matter jurisdiction may be dispositive, the Court considers it first.

---

[2] (Complaint for Failure to Pay Overtime Wages and for Breach of Contract to Pay Wages, hereafter, "Complaint," Docket Item No. 1.)

[3] Plaintiff opposes the Motion to Dismiss only as to the FLSA claim. Plaintiff concedes that his breach of contract claim is barred on sovereign immunity grounds. (See Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Summons and Complaint, hereafter, "Opp'n," Docket Item No. 12.) Thus, only the FLSA claim is presently before the Court.

2

### III. STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

### IV. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the grounds that under the doctrine of tribal sovereign immunity, the Court lacks subject matter jurisdiction over both Defendant Konocti Vista, a corporation wholly owned and operated by a federally recognized tribe, and Defendant Jack, who was acting within the scope of his official duties for the tribe during the relevant acts. (Motion at 6.)

**A.     Tribal Sovereign Immunity**

At issue is whether the FLSA claim against Defendant Konocti Vista is barred by sovereign immunity.

3

1    The Supreme Court has held that as a matter of federal law, a Tribal Nation is subject to suit
2 only where Congress has authorized the suit or the Tribe has expressly waived its sovereign
3 immunity. See Kiowa Tribe of Okla. v. Mfg. Techs., 523 U.S. 751, 754 (1998). Inclusion of a tribe
4 on the Federal Register list of recognized tribes is generally sufficient to establish entitlement to
5 sovereign immunity. See Ingrassia v. Chicken Ranch Bingo and Casino, 676 F. Supp. 2d 953, 957
6 (E.D. Cal. 2009) (citation omitted). Waivers of tribal sovereign immunity "cannot be implied but
7 must be unequivocally expressed." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) (citation
8 omitted). Tribal sovereign immunity extends to the off-reservation activities and to the economic as
9 well as the governmental activities of the tribe, so long as the entity "functions as an arm of the
10 tribe." Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006). Where a casino is
11 wholly owned and operated by a tribe, and its profits inure directly to the tribe, that casino is
12 generally considered to be functioning as arm of the tribe. See id. at 1047. Tribes protected by
13 sovereign immunity may waive that immunity by contract. See Am. Vantage Cos., Inc. v. Table
14 Mountain Rancheria, 292 F.3d 1091, 1099 (9th Cir. 2002). The Ninth Circuit has held that any
15 alleged waiver of sovereign immunity must "unequivocally and expressly indicate[] the [tribe's]
16 consent to waive its sovereign immunity." Pan Am. Co. v. Sycuan Band of Mission Indians, 884
17 F.2d 416, 418 (9th Cir. 1989). Thus, waiver must be express and will not be found by implication.
18 See id.

19    Here, based on uncontested evidence presented, the Court finds that Defendant Konocti Vista
20 is entitled to tribal sovereign immunity. Defendants provide an affidavit from Defendant Jack, a
21 tribal administrator, stating that (1) Konocti Vista is wholly owned and operated by the Big Valley
22 Pomo Band of Pomo Indians of the Big Valley Rancheria ("Tribe"); and (2) the Tribe's business
23 committee, as established by the Tribal constitution, is responsible for the operation of the casino.[4]
24 Defendants also offer evidence showing that the Tribe is federally recognized as an Indian tribe and

---

[4] (See Declaration of Tribal Administrator Anthony Jack in Support of Defendants' Motion to Dismiss Plaintiff's Summon [sic] and Complaint for Lack of Personal and Subject Matter Jurisdiction and Insufficiency of Service of Process ¶¶ 11, 13, hereafter, "Jack Decl.," Docket Item No. 7-2.)

thus is entitled to sovereign immunity.[5] Plaintiff offers no evidence to contradict these statements, nor does he dispute that Konocti Vista is tribally owned and operated. Further, Plaintiff has failed to plead the existence of any statements within his employment contract that could plausibly constitute a waiver of sovereign immunity. In light of the undisputed status of Konocti Vista as a casino wholly owned and operated by a tribe entitled to sovereign immunity, the Court finds that the casino is immune from suit in federal court as an arm of the tribe.

The Court proceeds to consider whether Congress, in enacting the FLSA, abrogated the sovereign immunity of tribes as to claims arising under the Act.

**B.      Abrogation by Congress**

Plaintiff contends that tribes are bound by the requirements of the FLSA and as such, should be amenable to suit for its violation. (Opp'n at 2.) The Court construes this contention as an argument for abrogation of tribal immunity under the FLSA.

The Supreme Court has held that an abrogation of tribal sovereign immunity by Congress cannot be determined by implication and must be expressly stated. See Okla. Tax Comm'n v. Citizen Band of Potawatomi Tribe of Okla., 498 U.S. 505, 509 (1991). The Ninth Circuit has not directly addressed whether the FLSA abrogates tribal sovereign immunity. Thus, the Court treats this as a matter of first impression.

In interpreting whether Congress intended a particular statute to waive tribal sovereign immunity, other circuits have drawn on a similar doctrine interpreting congressional intent to legislatively abrogate state sovereign immunity. See Fla. Paraplegic, Ass'n, Inc. v. Miccosukee Tribe of Fla., 166 F.3d 1126, 1131 (11th Cir. 1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985)). In Atascadero, the Supreme Court held that Congress may abrogate sovereign immunity "only by making its intention unmistakably clear in the language of the statute." 473 U.S. at 242. This interpretive standard, looking solely to statutory text, is consistent with the approach taken by the Supreme Court in holding that the Indian Civil Rights Act ("ICRA"), 25

---

[5] (See Indian Entities Recognized, 75 Fed. Reg. 60,810, 60,810 (Oct. 1, 2010).)

5

1 U.S.C. §§ 1301-03, did not abrogate tribal sovereign immunity in that "[n]othing on the face of Title
2 I of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for
3 injunctive or declaratory relief." Santa Clara Pueblo, 436 U.S. at 59.

4 Here, the FLSA makes no mention of private enforcement against tribal governments and
5 does not specifically reference tribes anywhere in the statutory scheme. See 25 U.S.C. §§ 201-19.
6 To the contrary, while the statute does expressly abrogate sovereign immunity with regards to public
7 agencies, it expressly limits the definition of "public agencies" to agencies of the United States or
8 state governments. Id. §§ 203, 216. That Congress specifically considered the abrogation issue and
9 did not include tribes among those sovereigns whose immunity was being abrogated is telling
10 evidence of Congress' decision not to abrogate. Thus, the Court finds that Congress did not
11 abrogate tribal sovereign immunity in the FLSA.

12 Defendant relies on Solis v. Matheson[6] for the proposition that the provisions of the FLSA
13 may be enforced against a tribal business. The Court finds that this reliance is misplaced, as
14 Matheson has no bearing on the question of tribal sovereign immunity. In Matheson, the defendant
15 business was not owned by a tribe, but rather by an individual member of a tribe with no plausible
16 claim to sovereign immunity. 563 F.3d at 428. Thus, the Matheson court did not consider whether
17 the FLSA abrogates tribal sovereign immunity; it merely held that the FLSA could be enforced
18 against a non-sovereign individual business owner on tribal land. Id. at 434. In addition, the action
19 in Matheson was brought by the United States Secretary of Labor. Id. at 428. Unlike suits by
20 private citizens, suits by the United States and its agencies are generally not barred by sovereign
21 immunity. See Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 782
22 (1991).

23 Accordingly, the Court GRANTS Defendants' Motion to Dismiss for lack of subject matter
24 jurisdiction as to Konocti Vista based on tribal sovereign immunity.

---

[6] 563 F.3d 425 (9th Cir. 2009).

6

### C. **Immunity of Defendant Jack**

At issue is whether tribal sovereign immunity extends to Defendant Jack for purposes of this lawsuit.

Tribal sovereign immunity extends to tribal officials when acting in their official capacity and withing the scope of their authority. See Linneen v. Gila River Indian Cmty., 276 F.3d 489, 492 (9th Cir. 2002). "Tribal officials," for purposes of this analysis, are not limited to political officials, but include all employees of a tribe or tribal casino if they are acting within the scope of their employment. See Cook v. AVI Casino Enter. Inc., 548 F.3d 718, 727 (9th Cir. 2008). The relevant inquiry for sovereign immunity purposes is not whether an individual or the tribe itself is named in the suit, but whether payment is in effect sought from the Tribe's treasury. Id.

Here, Plaintiff's Complaint does not actually allege any specific acts by Defendant Jack, but instead seeks relief against him solely for his role in exercising "economic and operational control" over Defendant Konocti Vista. (Complaint ¶ 12.) Plaintiff alleges that Defendant Jack was "responsible for handling labor and employment matters" for the casino. (Id.) Thus, it is clear on the face of the Complaint that any actions allegedly taken by Defendant Jack against Plaintiff were within the scope of his authority as a tribal employee. Because Plaintiff's claims against Defendant Jack are indistinguishable from his claims against the Tribe, the Court finds that tribal sovereign immunity extends to Defendant Jack.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss for lack of subject matter jurisdiction as to Defendant Jack based on tribal sovereign immunity.

## V.  CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss for lack of subject matter jurisdiction.[7]

The Clerk of the Court shall close this file.

Dated:  September 29, 2011

JAMES WARE
United States District Chief Judge

---

[7] Dismissal for lack of subject matter jurisdiction is not a ruling on the merits of a plaintiff's claim and is therefore a dismissal without prejudice. Haywood v. Drown, 129 S. Ct. 2108, 2134 (2009).

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Mark Alan Vegh mvegh@wsfwlaw.com
Richard James Armstrong armstrong@rosettelaw.com
Robert A Rosette rrosette@rosettelaw.com

**Dated:  September 29, 2011**                                **Richard W. Wieking, Clerk**

                                                                              **By:     /s/ JW Chambers          **
                                                                                      **Susan Imbriani**
                                                                                      **Courtroom Deputy**